J-S39010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAMEN WALLER | : | |
| | : | |
| Appellant | : | No. 1829 EDA 2024 |
| | : | |

Appeal from the Judgment of Sentence Entered June 3, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013848-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAMEN WALLER | : | |
| | : | |
| Appellant | : | No. 1830 EDA 2024 |
| | : | |

Appeal from the Judgment of Sentence Entered June 4, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013849-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAMEN WALLER | : | |
| | : | |
| Appellant | : | No. 1831 EDA 2024 |
| | : | |

Appeal from the Judgment of Sentence Entered June 4, 2024
In the Court of Common Pleas of Philadelphia County

Criminal Division at No: CP-51-CR-0013850-2014

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAMEN WALLER :
:
Appellant : No. 1832 EDA 2024
:

Appeal from the Judgment of Sentence Entered June 4, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001795-2019

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED MAY 20, 2026**

Appellant, Damen Waller, challenges the judgments of sentence entered in the four above-captioned cases by the Court of Common Pleas of Philadelphia County (trial court), following a probation violation hearing. In 2023, Appellant entered guilty pleas in these four cases, and he received probationary sentences. Thereafter, in 2024, he was charged with violating the terms of his probation, and the probationary sentences were revoked. The trial court then sentenced him to an aggregate prison term of four to 10 years. Appellant now argues that the judgments of sentence should be vacated because the trial court failed to consider statutorily mandated sentencing factors; he also contends that his sentence is excessive. Finding that Appellant has failed to preserve his challenges to the discretionary aspects of his sentence, we affirm.

In November of 2014, Appellant was implicated in a conspiracy to steal credit cards from various victims to make numerous unauthorized purchases in Philadelphia. The Commonwealth charged Appellant in three cases, which were consolidated for trial purposes.

In case number CP-51-CR-0013848-2014 (case 13848), Appellant was charged with forgery, access device fraud, theft, receiving stolen property, and theft by deception. In case number CP-51-CR-0013849-2014 (case 13849), he was charged with forgery, access device fraud, theft, receiving stolen property, and theft by deception. In case number CP-51-CR-0013850-2014 (case 13850), he was charged with conspiracy, forgery, access device fraud, theft, receiving stolen property, and theft by deception.

On June 19, 2015, Appellant negotiated a global guilty plea as to all three cases. As to each of the forgery counts, he was sentenced to concurrent prison terms of one to three years; as to the access device fraud charges, he was sentenced to three years of reporting probation, to be served consecutively to the prison terms, but concurrent to each other. No further penalty was imposed as to the remaining counts

While serving probation in those cases, on November 4, 2018, Appellant was charged in two more cases, CP-51-CR-0001795-2019 (theft by unlawful taking and forgery) (case 1795), and MC-51-CR-28258-2019 (access device fraud) (case 28258). He pleaded guilty in both cases on April 26, 2019, while also pleading guilty to probation violations in cases 13848, 13849, and 13850.

In cases 1795 and 28258, Appellant was sentenced to concurrent prison terms of 11.5 to 23 months. In addition, he received two years of probation in case 28258, and a concurrent three years of probation in case 1795. As to cases 13848, 13849, and 13850, Appellant was also sentenced to an aggregate term of 11.5 to 23 months of incarceration, followed by three years of probation, to be served concurrently with probation in cases 1795 and 28258.

Once released from custody in April 2020, Appellant absconded. In September 2022, he was arrested and charged again in two more criminal cases with multiple counts of theft by unlawful taking. He was found guilty of those offenses in November 2022, and sentenced to concurrent incarcerative terms of six to 12 months. Later, in April 2023, Appellant was yet again found guilty of theft by unlawful taking in two more cases and sentenced to two concurrent terms of 11.5 to 23 months of incarceration.

Finally, on June 3, 2024, the trial court held a probation violation hearing, at the end of which, Appellant was found to be in direct and technical violation of the probationary terms imposed on April 26, 2019, in cases 13848, 13849, 13850, 1795, and 28258. Before imposing the new sentence, the trial court recounted Appellant's lengthy criminal history, his lack of compliance

with the court's conditions, and his high likelihood of committing new criminal offenses. *See* N.T. Hearing, 6/3/2024, at 13-14.[1]

Appellant was initially sentenced to an aggregate prison term of four to 14 years as to all five cases. In case 13848, the trial court sentenced Appellant to a prison term of two to four years; in cases 13849 and 13850, he was sentenced to a total term of two to seven years in each case, to be served concurrently with each other and with case 13848; and in case 1795, he was sentenced to a term of two to seven years, to be served consecutively to the sentences in the other cases. No further penalty was imposed in case 28258. *See id*., at 14.

A day after the sentencing, on June 4, 2024, the trial court reconvened to modify the seven-year maximum terms imposed as to the respective third-degree felony counts in cases 13849 (forgery and access device fraud), 13850 (forgery, access device fraud, and conspiracy to commit forgery), and 1795 (forgery). *See* N.T. Hearing, 3/4/2025, at 3. Appellant already had served incarcerative portions of those sentences prior to the periods of probation which he was found to have violated, so the trial court determined that it would be proper to sentence him to five-year maximum sentences to each of the third-degree felony counts.

---

[1] The trial court did not discuss a pre-sentence investigation report (PSI) or a sentencing guidelines scoresheet, as neither document was prepared in advance of the hearing.

The seven-year maximum sentences imposed in each of those three cases were therefore reduced to maximum five-year terms. The sentences in cases 13848, 13849, and 13850 remained concurrent with each other, and consecutive to the sentence in case 1795. No further penalty was imposed in case 28258. As a result, the aggregate sentence became four to 10 years for all five cases. *See* N.T. Hearing, 6/4/2024, 2-3.[2]

Appellant timely filed separate notices of appeal for each of the four cases identified in the caption above. However, prior to the filing of those notices, Appellant did not object to the sentences; nor did he file a post-sentence motion or a motion for reconsideration. After the appeals were filed, the trial court entered a 1925(a) opinion giving the reasons why the judgments of sentence should be upheld.

As to the four cases now under review,[3] Appellant now presents two issues which concern the discretionary aspects of his sentence:

> 1. Whether the sentencing court abused its discretion by imposing sentences after a probation violation that were not based upon the gravity of the violation, the extent of appellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S. Section 9721 of the Sentencing Code.

_____

[2] We note that the trial court erroneously calculated a total aggregate sentence of four to 12 years at the resentencing, and in its 1925(a) opinion. *See* N.T. Hearing, 3/4/2025, at 3; Trial Court 1925(a) Opinion, 12/26/2025, at 1. The correct sentencing range is evident in the judgments of sentence, so no corrective action is needed at this juncture.

[3] Appellant does not seek review of the judgment of sentence entered in MC-51-CR-0028258-2019.

- 6 -

2. Whether the trial court abused its discretion by entering manifestly excessive sentences to such a degree that the imposition of consecutive, nearly maximum sentences establishes evidence of the court's bias or animus toward appellant.

Appellant's Brief, at 7.

Appellant's first claim is that the trial court abused its discretion by sentencing him without due consideration of the mandatory factors enumerated in section 9721 of the Sentencing Code. *See* 42 Pa.C.S.A. § 9721.

At the outset, we note that Appellant has not preserved this ground for review. Appellant's claim implicates a discretionary aspect of his sentences, which is not reviewable as of right. *See Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [see Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements we will then proceed to decide the substantive merits of the case.

*Id*. (quoting *Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013)).

It is not sufficient for a Rule 2119(f) statement to refer generally to the

trial court's failure to sufficiently give its reasons for sentencing a defendant outside of the sentencing guidelines. Rather, the Rule 2119(f) statement "must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (e.g. the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered)." **Commonwealth. v. McNabb**, 819 A.2d 54, 56 (Pa. Super. 2003) (quoting **Commonwealth v. Goggins**, 748 A.2d 721 (Pa. Super. 2000)).

Here, Appellant timely filed his notices of appeal, and his brief includes a Rule 2119(f) statement. However, he failed to timely raise his present claims before the trial court in the first instance, thereby waiving the claims for purposes of appeal.

Appellant did preserve his challenges to the discretionary aspects of his sentence with a contemporaneous objection, a post-sentence motion, or a motion for reconsideration of his sentence. Further, his Rule 2119(f) statement does not specify where his sentences fall in relation to the statutory sentencing guidelines. Thus, the claim was waived. **See** Pa.R.A.P. 302 (providing that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **see also Commonwealth v. Reeves**, 778 A.2d 691, 692–693 (Pa. Super. 2001) (holding that appellant waived claim that trial court omitted reasons for sentence on the record, as lack of an objection or post-sentence motion specifying omissions deprived trial court of

opportunity to consider the issue).[4]

Even if Appellant had preserved his challenge to the discretionary aspects of his sentence, we would find that no relief is due. The standard of review for such claims is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Antidormi*, 84 A.3d at 760 (citation omitted).

"When imposing sentence, a court is required to consider 'the particular circumstances of the offense and the character of the defendant.'" *Commonwealth v. McClendon*, 589 A.2d 706, 712–13 (Pa. Super. 1991) (*en banc*) (quoting *Commonwealth v. Frazier*, 500 A.2d 158, 159 (Pa. Super. 1985)). "In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Id.*

Section 9721 (b) of the Sentencing Code requires the trial court to fashion a sentence which is consistent "with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and

---

[4] Such a claim may qualify as a substantial question if the procedural requirements for doing so are satisfied. *See Commonwealth v. Roane*, 204 A.3d. 998 (Pa. Super. 2019).

on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id*.

When revoking a defendant's probation, and imposing a new sentence, the trial court may impose the maximum sentence permitted by law at the time the defendant had received probation. *See* 42 Pa.C.S.A. § 9771(b)-(c); 204 Pa.Code § 303.1(b); *see also Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014). The trial court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference [the sentencing statute], but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

On review of the record in a criminal case in which a defendant was sentenced outside of the statutory sentencing guidelines, this Court must consider the reasonableness of the sentence with regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

- 10 -

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

"[E]ven though the unreasonableness inquiry lacks precise boundaries . . . rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review." *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007).

Here, at Appellant's sentencing, the trial court expressly evaluated the circumstances of Appellant's lengthy criminal history, as well as his specific rehabilitative needs. Significantly, the trial court emphasized that Appellant is a repeat felony offender, with an "extraordinary" record of "at least 29 arrests and 14 arrests, six distinct aliases . . . [and] virtually all of his crimes involve dishonesty." *Id*., at 13.

Moreover, as detailed by the trial court, Appellant has a history of failing to avail himself of supervised release. He once absconded, and he has repeatedly committed new criminal offenses while serving probation. The trial court found that Appellant was not amenable to supervision, that he was "very likely to reoffend," and that "society needs to be protected from his persistent stealing of credit and identity." *Id*., at 13-14.

The trial court further addressed Appellant's rehabilitative needs by

ordering him to undergo a dual-diagnosis evaluation to determine his treatment needs; Appellant must also attend vocational training, life skills training, and counseling in order to be eligible for parole. *See id*., at 15.

Accordingly, even had Appellant preserved a challenge to the discretionary aspects of his sentence, we would find that his claim has no merit because the trial court sufficiently took into account the protection of the public, the gravity of the offenses, and Appellant's rehabilitative needs. Moreover, we do not find that the sentences were unreasonable. Although the trial court sentenced Appellant above the statutory guidelines, the sentences in three of the four cases were made concurrent, rather than consecutive, which ultimately resulted in a far more lenient sentence than the maximum term permitted by law.

Appellant's second claim is that his judgments of sentence must be vacated because the sentences are excessive. He maintains that the imposition of the maximum possible sentences, one of which was made consecutive, demonstrates the trial court's "bias or animus" toward him. *See* Appellant's Brief, at 15.

As discussed above, however, Appellant has failed to successfully invoke this Court's jurisdiction to consider his challenge to the discretionary aspects of his sentence. "A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008). "Absent such efforts, an objection to a

discretionary aspect of a sentence is waived." ***Id***. (quoting ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa. Super. 2006)).

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/20/2026